TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Nitzkin & Associates
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Michael Kortas*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Kortas, | Case No.: |
| Plaintiff, | |
| vs. | |
| | |
| Experian Information Solutions, Inc. an Ohio corporation, | **COMPLAINT** |
| Equifax Information Services, LLC, a Georgia corporation, and | |
| WebBank, a Utah corporation, | **JURY TRIAL DEMANDED** |
| | |
| Defendants. | |

NOW COMES THE PLAINTIFF, MICHAEL KORTAS, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

### JURISDICTION

1. Jurisdiction of this court arises under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681p., and 28 U.S.C. §§1331, 1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

### VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Queen Creek, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

### PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio corporation that maintains a registered agent in Maricopa County, Arizona;

   b. Equifax Information Services, LLC ("Equifax"), which is a Georgia company that maintains a registered agent in Maricopa County, Arizona; and

2

c. Web Bank ("Webbank/DFS"), which is a Utah corporation that, upon information and belief, maintains its offices in Utah.

### GENERAL ALLEGATIONS

6. Webbank/DFS has misreported its trade line with account number 687945012904912 ("Errant Trade Line") on Plaintiff's Experian and Equifax credit files with multiple "KD" meaning "Key Derogatory" language.

7. In July 2014, Mr. Kortas obtained his Equifax and Experian credit files and noticed the Errant Trade Line.  At that time, he submitted letters to Equifax and Experian, disputing the Errant Trade Line.

8. On or about February 25, 2015, Mr. Kortas obtained his Experian and Equifax credit files and noticed that Webbank/DFS continued to report its Errant Trade Line with multiple "KDs."

9. On or about April 9, 2015, Mr. Kortas submitted a letter to Experian and Equifax, disputing the multiple "KDs" on the Errant Trade Line.

10. Upon information and belief, Defendants Experian and Equifax forwarded Mr. Kortas' dispute to Defendant Webbank/DFS.

11. In May 2015, Mr. Kortas settled the debt, which is the subject of the Errant Trade Line, with Dell Financial Services.  Per the agreement, Dell Financial Services' representative told Mr. Kortas that he would immediately update his credit files to show that it was settled.

12. After Mr. Kortas paid Dell Financial Services the settlement funds, it refused to provide him with anything in writing stating that it would update his credit report.

13. On or about September 16, 2015, Mr. Kortas obtained his Experian and Equifax credit reports and noticed that Webbank/DFS continued to report the multiple "KD" language between the months of June 2013 and May 2015 on the Errant Trade Line.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WEBBANK/DFS

14. Plaintiff re-alleges the above paragraphs as if recited verbatim.

15. After being informed by Experian and Equifax of the Plaintiff's consumer dispute regarding the Errant Trade Line, Webbank/DFS negligently failed to conduct a proper reinvestigation of the Plaintiff's disputes as required by 15 USC 1681s-2(b).

16. Webbank/DFS negligently failed to review all relevant information available to it and provided by Equifax and Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian and Equifax to remove the multiple "KD" language from the Errant Trade Line from Mr. Kortas' consumer credit files.

4

17. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Kortas' consumer credit file with Experian and Equifax to which it is reporting such trade line.

18. As a direct and proximate cause of Webbank/DFS's negligent failure to perform its duties under the FCRA, Mr. Kortas has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

19. Webbank/DFS is liable to Mr. Kortas by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

20. Mr. Kortas has a private right of action to assert claims against Webbank/DFS arising under 15 USC 1681s-2(b).


   **WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Webbank/DFS for damages, costs, interest, and attorneys' fees.

## <u>COUNT II</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WEBBANK/DFS

21. Plaintiff re-alleges the above paragraphs as if recited verbatim.

22. After being informed by Experian and Equifax that Mr. Kortas disputed the accuracy of the information it was providing, Webbank/DFS willfully failed to conduct a proper reinvestigation of Mr. Kortas' dispute.

5

23. Webbank/DFS willfully failed to review all relevant information available to it and provided by Equifax and Experian as required by 15 USC 1681s-2(b).

24. As a direct and proximate cause of Webbank/DFS's willful failure to perform its respective duties under the FCRA, Mr. Kortas has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. Webbank/DFS is liable to Mr. Kortas for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Webbank/DFS for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT III</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

26. Plaintiff re-alleges the above paragraphs as if recited verbatim.

27. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Kortas as that term is defined in 15 USC 1681a.

6

28. Such reports contained information about Mr. Kortas that was false, misleading, and inaccurate.

29. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Kortas, in violation of 15 USC 1681e(b).

30. After receiving Mr. Kortas' consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

31. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Kortas has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

32. Experian is liable to Mr. Kortas by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## <u>COUNT IV</u>

### **WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

33. Plaintiff re-alleges the above paragraphs as if recited verbatim.

7

34. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Kortas as that term is defined in 15 USC 1681a.

35. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

36. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Kortas, in violation of 15 USC 1681e(b).

37. After receiving Mr. Kortas' consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

38. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Kortas has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

39. Experian is liable to Mr. Kortas by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

40. Plaintiff re-alleges the above paragraphs as if recited verbatim.

41. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Kortas, as that term is defined in 15 USC 1681a.

42. Such reports contained information about Mr. Kortas that was false, misleading, and inaccurate.

43. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Kortas, in violation of 15 USC 1681e(b).

44. After receiving Mr. Kortas' consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

45. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Kortas has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

9

46. Equifax is liable to Mr. Kortas by reason of its violation of the FCRA in an amount to be determined by the trier fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that the court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

47. Plaintiff re-alleges the above paragraphs as if recited verbatim.

48. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Kortas as that term is defined in 15 USC 1681a.

49. Such reports contained information about Mr. Kortas that was false, misleading, and inaccurate.

50. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Kortas, in violation of 15 USC 1681e(b).

51. After receiving the Plaintiff's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

52. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Kortas has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

53. Equifax is liable to Mr. Kortas by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED:  February 3, 2016          NITZKIN & ASSOCIATES

By:   /s/  Trinette G. Kent
Trinette G. Kent
Attorneys for Plaintiff,
Michael Kortas